UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:                                      )
                                            )
DONALD JAMES CLAGETT and                    )
CYNTHIA WARD CLAGETT,                       )        Case No. 06-50460
                                            )
                                            )        Chapter 7
        Debtors.                            )
_____         )

### MEMORANDUM OPINION

This matter came before the Court upon the Motion to Reopen (the "Motion"), filed by the above-referenced debtors (the "Debtors") on August 3, 2011. John A. Meadows appeared on behalf of the Debtors. At the hearing, the Motion was denied. This opinion further discusses the basis for that ruling.

### I. JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), which this Court has the jurisdiction to hear and determine.

### II. FACTS

In 1991, the male Debtor borrowed money to purchase a house at 2259 Timber Ridge Court, Kernersville, North Carolina (the "Property"). He encumbered the Property with a deed of trust to secure the repayment of the loan. In 1995, the Debtors were married. Sometime prior to 2006, they refinanced the debt secured by the Property. Although the Debtors did not read the documents that they signed at the closing, they somehow left the closing with the impression that

they now owned the Property jointly.[1]

On January 9, 2006, Citibank, South Dakota, N.A. obtained a judgment (the "Judgment") against the male Debtor for $16,437.57, plus attorneys fees, court costs, and interest. Pursuant to North Carolina law, the Judgment became a lien against the Property.

On April 8, 2006, the Debtors filed their Chapter 7 bankruptcy petition. Because the Debtors erroneously believed they were joint owners of the Property, they told their attorney that they owned the Property jointly. The Property was listed as jointly owned on their Schedule A.[2] The Debtors correctly reported the Judgment to their attorney, and it was listed in response to question 4.a. on their Statement of Financial Affairs. Believing that they owned the Property as tenants by the entirety, and that therefore the Judgment had not become a lien on the Property, the Debtors did not move to avoid the Judgment as an impairment of their exemption pursuant to Section 522(f) of the Bankruptcy Code. On July 27, 2006, the Debtors received a discharge, and that same day the case was closed.

Sometime in 2010, the Debtors attempted to refinance the Property and were told that the Judgment still encumbers the Property. Months later, on July 6, 2011, the Debtors filed the Motion and now seek to reopen their case for the purpose of avoiding the Judgment.

### III.  DISCUSSION

Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §

---

[1] The basis for the Debtors' belief was never explained.

[2] Their attorney accepted the Debtors' statement and did not verify ownership of the Property.

350(b); see also Fed. R. Bankr. P. 5010 (providing that the case may be reopened on motion of the debtor).  Whether to reopen a case or not "depends upon the circumstances of the individual case and . . . the decision . . . is committed to the court's discretion."  Hawkins v. Landmark Finance Co., 727 F.2d 324, 327 (4th Cir. 1984).  Courts typically look to three factors when determining whether to reopen a case: "(1) the benefit to the debtor; (2) the prejudice to the opposing party; and (3) the benefit to the creditors."  In re Phelps, 329 B.R. 904, 909 (Bankr. M.D. Ga. 2005).

     Under Section 350(b), "[t]he leading approach is permissive but incorporates an equitable defense akin to laches, so that a debtor may reopen the bankruptcy case at any time to avoid a lien absent a finding of prejudice to the creditor."  In re Bianucci, 4 F.3d 526, 528 (7th Cir. 1993).  Thus, although the "[p]assage of time in itself does not constitute prejudice," when a debtor has "delayed . . . for an inordinate length of time," prejudicing the creditor, the motion will be denied.  Id. at 529; see also Hawkins, 727 F.2d at 327 (upholding an order denying a motion to reopen the case to avoid a judicial lien, since the motion was filed eight months after the case was closed, and the costs and fees incurred in commencing foreclosure constituted sufficient prejudice to the creditor); In re Dryja, 320 B.R. 650, 652-53 (Bankr. N.D. Ohio 2005) (denying a motion to reopen the case to avoid a judicial lien under the equitable doctrine of laches due to the debtor's delay in filing the motion and the prejudice to the creditor); In re Tarkington, 301 B.R. 502, 509 (Bankr. E.D. Tenn. 2003) (same); In re Frasier, 294 B.R. 362, 367-70 (Bankr. D. Colo. 2003) (same).

     The delay in the filing of the Motion was significant; it was almost 60 months after the case was closed.  In Dryja, the debtor delayed for 24 months after the case was closed to file her

motion to reopen the case. 320 B.R. at 653.  In <u>Tarkington</u>, the delay was 17 months. 301 B.R. at 507.  In <u>Frasier</u>, the delay was 14 months. 294 B.R. at 366.  The Debtors provided no compelling reason or excuse for this delay.

The Debtors provided no explanation for their erroneous belief that they jointly owned the Property,[3] nor their failure to learn the truth, which they easily could have done by checking the public record.  Given the extensive delay, the lack of a credible explanation, the Debtor's lack of diligence, and the prejudice to the creditor, the Court finds that it would be inequitable to reopen this case.  Therefore, the Motion will be denied.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law.  A separate order will be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

---

[3] "It ain't what you don't know that gets you into trouble. It's what you know for sure that just ain't so."  Mark Twain.

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> DONALD JAMES CLAGETT and ) <br> CYNTHIA WARD CLAGETT, ) <br> ) <br> ) <br> Debtors. ) <br> _____ ) | Case No. 06-50460 <br><br> Chapter 7 |

**PARTIES IN INTEREST**

John A. Meadows, Esq.

Citibank, South Dakota, N.A.

Michael D. West, Bankruptcy Administrator